**SO ORDERED.**

**SIGNED this 14 day of May, 2010.**



_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **BRASSWOOD APARTMENTS, LLC** | **08-01608-8-JRL** |
| **DEBTOR** | |
| **BRASSWOOD APARTMENTS, LLC and BRASSWOOD APARTMENTS II, LLC** | **ADVERSARY PROCEEDING NO.** |
| **Plaintiffs** | **H-09-00081-8-AP** |
| v. | |
| **NWAHS, INC and ROBERT E. FULLER, JR. in his capacity as Escrow Agent** | |
| **Defendants.** | |

### ORDER ALLOWING MOTION TO AMEND PLEADINGS

The matter before the court in this adversary proceeding is the motion of defendant NWAHS, Inc. to amend its answer.[1]  A hearing took place in Raleigh, North Carolina on May 12, 2010.

---

[1] The plaintiffs' motion for summary judgment was also before the court, but was continued in light of the court's disposition of the motion to amend.

Brasswood Apartments LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on March 7, 2008. On April 3, 2009, Brasswood Apartments LLC and Brasswood Apartments II, LLC filed the complaint in this adversary proceeding alleging that defendant NWAHS breached a contract for the purchase of real estate and therefore forfeited its earnest money deposit. NWAHS filed its answer on June 8, 2009, denying the allegations and seeking return of the earnest money. On September 17, 2009, the court entered a scheduling order setting various deadlines, including a discovery deadline of December 15, 2009 and a motions deadline of January 15, 2010. On December 15, 2009, NWAHS filed a motion to extend the deadlines in the scheduling order, contending that it had been served with incomplete responses to its discovery requests, and that it had received information through discovery suggesting discrepancies in the financial data provided during negotiations, which warranted additional discovery. The court entered an amended scheduling order on December 22, 2009, extending the discovery deadline to January 29, 2010, and the motions deadline to March 1, 2010. On March 25, 2010, after obtaining an additional extension, NWAHS filed the present motion for leave to amend its answer.

NWAHS contends that on August 5, 2008, it made an offer to purchase real estate from plaintiffs based on a broker's offering statement and other income and expense reports received in July of 2008, which reflected positive cash flow and income representations for plaintiffs. After the deal fell through and the adversary proceeding began, however, NWAHS asserts that it first learned through discovery responses received in December of 2009, that the property's net operating revenue was inaccurate and grossly overstated in the offering statement. Based on this information, NWAHS seeks leave to amend its answer to allege affirmative defenses and counterclaims of fraudulent misrepresentation and/or inducement and negligent misrepresentation.

Two entities, JPMCC 2002-CIBC4 Greenville Apartments, LLC and MSCI 2006-IQ11 Highway 264, LLC (the "Lenders") are litigating this proceeding on behalf of the named plaintiffs, pursuant to authority granted by the court on July 16, 2009 in the debtor's confirmed plan. The Lenders contend that the motion to amend is untimely and prejudicial to the plaintiffs because it was brought nearly a year after the litigation began, almost two months after the extended discovery deadline had passed, and after plaintiffs had filed a summary judgment motion. According to the Lenders, the addition of defenses and counterclaims related to fraud would warrant engaging in additional discovery, which would be costly and burdensome. The Lenders further contend that an amended answer would be futile, in that NWAHS cannot allege the elements of fraud sufficient to survive a Rule 12(b)(6) motion, nor can NWAHS show that any reliance on the offering statement was reasonable in light of warnings provided by the Lenders' counsel prior to entering the agreement. Finally, the Lenders argue that a claim of negligent misrepresentation could not be pled with particularity, because it is dependent on a duty of care that was not pled by NWAHS.

Under Rule 15 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it, after a responsive pleading, or after certain motions are filed under Rule 12. When none of these parameters apply, Rule 7015 provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

In this matter, although the complaint was filed a year ago, the majority of the activity in the case has occurred relatively recently. Part of the reason appears to be the delay in discovery responses and production by plaintiffs, who may have been hampered by the fact that they did not

3

have possession of the pertinent information themselves and had to seek such information from the debtor. The parties indicated that efforts to obtain and produce documents continued even beyond the discovery deadline of January 29, 2010. By doing so, the parties essentially informally extended the discovery period even further, thereby narrowing the gap, if not eliminating it, between the end of discovery and the filing of the present motion. It appears that the parties have worked together in a supportive manner, providing documents as available and approaching scheduling in good faith. As a result, the court finds that the amendment would not be "untimely," and should not prejudice plaintiffs, even though it would occur after the close of formal discovery. The amendment will necessitate additional discovery, however, such discovery will not result in significant additional expense since plaintiffs would have incurred such expense earlier in the case had fraud been alleged at that time. In essence, instead of paying for that discovery at the beginning of the case, plaintiffs will bear that cost later in the case. The court therefore does not find the amendment prejudicial to plaintiffs. With regard to futility, the plaintiffs have not established that NWAHS will not be able to plead its claim of fraud with sufficient specificity; rather, plaintiffs have raised factual arguments better explored in the context of a Rule 12(b)(6) motion, summary judgment hearing, or a trial.

Accordingly, NWAHS's motion is **ALLOWED,** and NWAHS has 10 days from the date of this order to file an amended answer.

**SO ORDERED.**

**END OF DOCUMENT**